* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Tuzon's remaining contentions lack merit.

**AFFIRMED.**

**Chuck SAUER; Sandra Sauer,
Plaintiffs—Appellants,**

v.

**UNITED STATES of America; et
al., Defendants—Appellees.**

**No. 05–15946.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

Chuch Sauer, Hayfork, CA, for Plaintiffs–Appellants.

Sandra Sauer, Hayfork, CA, pro se.

Matthew J. Sanders, Esq., U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, John F. Gisla, Esq., Office of the U.S. Attorney, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

R.App. P. 34(a)(2).

MEMORANDUM **

Chuck and Sandra Sauer appeal pro se from the district court's summary judgment for the United States in their action alleging the Forest Service's decision to deny them residential occupancy of an unpatented mining claim located on National Forest System lands violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Clouser v. Espy,* 42 F.3d 1522, 1527 (9th Cir. 1994), and we affirm.

The district court properly granted summary judgment in favor of the United States on the Sauers' APA claim, because the final agency decision shows a thorough consideration of evidence regarding the nature of the Sauers' occupancy of the property, and does not betray a clear error in judgment. *See id.* at 1537 (describing the arbitrary and capricious standard applicable to the review of Forest Service determinations). Moreover, the record shows that at the time of the agency determination, the Sauers had not obtained agency approval of a Plan of Operations required for residential occupancy of a mining claim under Forest Service Regulations. *See* 36 C.F.R. §§ 261.10(b), 228.4; *see also United States v. Brunskill,* 792 F.2d 938, 941 (9th Cir.1986) (affirming district court's order requiring removal of unauthorized structures where residents on Forest Service land lacked an approved operating plan).

Contrary to the Sauers' contentions, they were not denied due process during either agency or district court proceedings, because they received notice and hearings before their alleged property interest was affected. *See United States v. Bagwell,*

961 F.2d 1450, 1454 n. 1 (9th Cir.1992); *see also Clouser,* 42 F.3d at 1540–41 (Forest Service's "detailed administrative procedures-which include provisions for administrative appellate review" do not violate due process; evidentiary hearings are not required at each stage).

The Sauers' remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

